UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHANNAD SALEH HUSSEIN ALSAID, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | Civil Action No. 3:26-CV-3562-X |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, et al., | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Hussein Alsaid's Emergency Motion for Temporary Restraining Order (TRO) requesting that the Court "prevent[] Respondents from transferring [him] outside the jurisdiction of this Court or removing [him] from the United States while his Petition for Writ of Habeas Corpus is pending."[1] But Hussein Alsaid fails to demonstrate anywhere in his TRO that a transfer is imminent or even likely. A TRO is not an extra backstop or something to be granted "just in case," so the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant this extraordinary relief, the movant

---

[1] Doc. 3 at 1.

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

A plaintiff must demonstrate that "irreparable injury is *likely*" without a TRO.[4] And TROs are an "extraordinary relief and rarely issued."[5] Accordingly, the "burden of proof is a heavy one."[6] Hussein Alsaid seeks an order from the Court preventing Respondents from "transferring [him] outside the jurisdiction of this Court," or "removing [him] from the United States."[7] Yet nowhere in his petition does he allege that his removal is imminent, in the foreseeable future, or even likely. Instead, he merely asserts that he "faces the possibility of being transferred to another detention facility or jurisdiction" with no explanation why.[8] Hussein Alsaid faces a possibility of being transferred, just as he theoretically faces a possibility of being released tomorrow; both are possible, but he provides the Court with no evidence the former is likely. Likewise, he does not make a showing that transfer out of this judicial district will deprive him of the ability to have his habeas petition heard. He thus fails to demonstrate a substantial threat (or any threat) of irreparable injury.

---

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023)

[5] *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (O'Connor, J.).

[6] *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011).

[7] Doc. 3 at 4.

[8] *Id.* at 2.

The Court therefore **DENIES** Hussein Alsaid's TRO request. His habeas petition remains pending.

**IT IS SO ORDERED** this 14th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE